PAUL D. HARRIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harris v. Commissioner
Docket No. 7674-89
United States Tax Court
T.C. Memo 1991-375; 1991 Tax Ct. Memo LEXIS 421; 62 T.C.M. (CCH) 406; T.C.M. (RIA) 91375; 14 Employee Benefits Cas. (BNA) 1274; August 8, 1991, Filed *421 Decision will be entered for the respondent. Paul D. Harris, pro se. Steven W. Brower, for the respondent. WRIGHT, Judge. WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies in petitioner's Federal income tax for taxable year 1985 of $ 8,548.00, and additions to tax under sections 6653(a)(1) [1] and 6661(a), of $ 427,40 and $ 2,137.00, respectively. Respondent also determined an addition under section 6653(a)(2) in an amount equal to 50 percent of the interest due on the underpayment of $ 8,548.00. The issues for decision are: (1) Whether petitioner's withdrawal of $ 24,305 from three Individual Retirement Accounts constitutes gross income to petitioner under section 408(d); (2) whether petitioner is liable for the 10 percent early distribution addition to *422 tax under section 408(f); (3) whether petitioner is liable under section 6653(a)(1) and (2) for additions to tax from any part of an underpayment due to negligence; and (4) whether petitioner is liable for the substantial understatement addition to tax pursuant to section 6661. FINDINGS OF FACT Some of the facts of this case have been stipulated and are so found. The stipulation of facts and accompanying exhibits are incorporated herein by this reference. Petitioner resided in Mesquite, Texas, at the time he filed the petition in this case. Petitioner filed his 1985 Federal income tax return with the Internal Revenue Service Center, Austin, Texas. On June 1, 1987, petitioner filed an amended 1985 income tax return with the service center in Austin, Texas. The deficiency notice is based on the amounts disclosed in the 1985 amended tax return. On March 19, 1984, petitioner received three separate Individual Retirement Accounts (IRA's) under a Divorce Decree and Agreement Incident to Divorce which divided the marital property between himself and his ex-wife. Pursuant to the Divorce Decree, petitioner was also ordered to pay his former spouse's 1984 tax liability. Between January *423 and March 1985, petitioner withdrew funds from the IRA's totaling $ 24,305. On September 18, 1985, petitioner sent his former spouse a $ 25,000 check, using the $ 24,305 of funds previously withdrawn from his IRA's, so that she could satisfy her 1984 income tax liability. Petitioner utilized the IRA funds to pay for his former spouse's 1984 tax liability because that was the only money available to him at the time. Petitioner did not report the $ 24,305 IRA distribution as income on his 1985 tax return. OPINION Petitioner argues that he should not be taxed on the $ 24,305 IRA distribution because he transferred the money to his former spouse, as required by the Divorce Decree, so that she could satisfy her 1984 tax liability. Petitioner cites no authority to support his position and asks us to carve out an exception to section 408(d). Section 408(d)(1) states that any distribution from an IRA must be included in gross income unless an exception in section 408(d) exists. Petitioner does not cite to any of the exceptions listed in section 408(d). The only exception remotely related to the facts of this case is set forth in section 408(d)(6). Section 408(d)(6) provides that *424 the transfer of an individual's interest in an IRA to his former spouse under a divorce decree is not treated as a taxable transfer made by such individual. See section 1.408-4 (g), Income Tax Regs.
In the instant case, petitioner received the IRA's in the division of the marital property pursuant to the Divorce Decree and Agreement Incident to Divorce. The Divorce Decree did not require that petitioner transfer an interest in the IRA's to his former spouse. Petitioner retained the IRA's from the date of the Divorce Decree, March 19, 1984, through early 1985. In the first quarter of 1985, petitioner withdrew the IRA funds and did not issue a check to his ex-wife until September 18, 1985. Therefore, section 408(d)(6) is of no benefit to petitioner as the IRA's were allocated to him in the Divorce Decree and not transferred to his former spouse pursuant to a divorce decree as required by section 408(d)(6). We also sustain respondent's determination that petitioner is liable for the 10 percent addition to tax under section 408(f) for premature distributions from IRA's. Petitioner did not contend that section 408(f) is inapplicable if indeed the $ 24,305 IRA distribution was gross *425 income taxable to him. In addition, petitioner did not argue that the additions to tax under section 6653(a)(1) and (2) were inapplicable. If any part of an underpayment of tax is due to petitioner's negligence, the additions to tax in section 6653(a) apply. Petitioner bears the burden of proof. Rule 142 (a). Petitioner did not seek any professional advice as to whether the IRA distributions should be reported as gross income on his 1985 income tax return and did not inform his tax return preparer of distributions made from his IRA. We therefore find that petitioner's underpayment of tax was due to negligence and sustain respondent's determination on this issue. Section 6661(a) provides for an addition to tax in an amount equal to 25 percent of the amount of any underpayment attributable to a substantial understatement of income tax. Section 6661(b)(1) defines "substantial understatement" as an understatement of income tax for any taxable year in excess of the greater of 10 percent of the tax required to be shown on the return for the year, or $ 5,000. In the instant case, petitioner's underpayment of tax is a "substantial understatement" within the meaning of section 6661(a). *426 We therefore sustain respondent's determination on this issue, and petitioner is liable for the addition to tax under section 6661. In light of the foregoing, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the year in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩